IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORA E. ENGLISH-ELDELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00160-TFM-B |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social | * |
| Security, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Commissioner Andrew M. Saul's ("Defendant")[1] Unopposed Motion for Entry of Judgment with Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).

A review of the pleadings in this case reveals that Plaintiff Cora E. English-Eldell ("Plaintiff"), proceeding *pro se*, filed a complaint on April 1, 2019, alleging that the decision by the Administrative Law Judge to deny her application for a period of disability and disability insurance benefits and the decision of

---

[1] The Court takes judicial notice of the fact that Andrew M. Saul is now the Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d), the Clerk is **DIRECTED** to substitute Andrew M. Saul, Commissioner of Social Security, as the Defendant in this case.

the Appeals Counsel of the Social Security Administration to uphold the denial without a hearing were "not in accordance with law but were contrary thereto and against the evidence . . . ." (Doc. 1 at 2). In response, Defendant filed an answer on July 3, 2019, asserting that the final decision of the Commissioner of Social Security that Plaintiff was not entitled to disability insurance benefits was supported by substantial evidence in the record. (Doc. 8 at 2). On July 9, 2019, the Court granted attorney Kenneth Wilson's motion to appear *pro hac vice* as counsel for Plaintiff. (Doc. 12). Plaintiff, through counsel, filed briefs on July 24, 2019, and August 21, 2019. (Docs. 13, 14).[2] On August 26, 2019, Defendant filed the instant motion requesting that this matter be reversed and remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). According to Defendant, Plaintiff does not oppose the requested remand. (Id. at 1).

The Court finds that this is a tacit admission that Plaintiff's application was not appropriately considered and, without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error and request for

---

[2] It appears that the second brief was intended to be a substitute for the initial brief, which was not double-spaced in accordance with the Local Rules.

reversal and remand.

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g), Defendant's unopposed motion should be granted, and the decision of the Commissioner of Social Security denying Plaintiff benefits should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), see Melkonyan v. Sullivan, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. See Shalala v. Schaefer, 509 U.S. 292 (1993).

Accordingly, it is RECOMMENDED that Defendant's Unopposed Motion for Entry of Judgment with Remand under sentence four (Doc. 15) be **GRANTED,** and that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **27th** day of **August, 2019.**

                                    /s/ SONJA F. BIVINS
                            **UNITED STATES MAGISTRATE JUDGE**