IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORA E. ENGLISH-ELDELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 19-00160-TFM-B |
| | * | |
| ANDREW M. SAUL, | * | |
| Commissioner of Social | * | |
| Security, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Cora E. English-Eldell's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") and supporting memorandum (Doc. 19), and Defendant's response in opposition and supporting memorandum (Doc. 21).  Both have been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).  Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED in part** and **DENIED in part**, and that Plaintiff is entitled to a reasonable attorney's fee award in the amount of **$4,205.55** under the EAJA for legal services rendered by her attorney in this Court.

## I.    BACKGROUND

Plaintiff Cora E. English-Eldell, proceeding *pro se*,

commenced this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner denying her application for a period of disability and disability insurance benefits. (Doc. 1). On July 9, 2019, attorney Kenneth Wilson sought and received permission to appear *pro hac vice* on behalf of Plaintiff English-Eldell.[1] (Docs. 11, 12). Plaintiff's counsel filed a four-page, single-spaced[2] Social Security brief and a fact sheet on July 24, 2019. (Docs. 13, 13-1). Later, on August 21, 2019, Plaintiff's counsel re-filed the same brief, in a double-spaced format, along with a note requesting that the "double-spaced version be accepted and relate back." (Doc. 14). Shortly thereafter, the Commissioner filed an unopposed motion for remand requesting that this matter be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Doc. 15).

The undersigned entered a report and recommendation recommending that the Commissioner's unopposed motion for remand

---

[1] Mr. Wilson's *pro hac vice* application states that he is a member of the Ohio bar and is admitted to practice in the United States District Court for the Southern District of Ohio, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. (Doc. 11 at 1).

[2] S.D. Ala. GenLR 5(a)(1) provides that the text of pleadings and other papers presented for filing in this District must be double-spaced.

2

be granted.  (Doc. 16).  The report and recommendation was adopted by the District Judge, the decision denying benefits was reversed, and the case was remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Docs. 17, 18). Plaintiff was deemed the prevailing party for purposes of the EAJA. (Doc. 17).

Plaintiff timely filed the instant motion for attorney's fees under the EAJA on November 15, 2019.  (Doc. 19).  In the motion, Plaintiff requests attorney's fees under the EAJA in the amount of $8,726.16 for forty-two hours of work performed by Plaintiff's attorney in federal court at a rate of $205.98 per hour, plus $75.00 in expenses for her attorney's *pro hac vice* application fee.  (Id.).

On December 2, 2019, the Commissioner filed a response in partial opposition to Plaintiff's motion.  (Doc. 21).  In its response, the Commissioner does not contest Plaintiff's entitlement to EAJA fees, but the Commissioner argues that the claimed hours are excessive and that the hourly attorney's fee rate was not properly calculated in Plaintiff's motion.  (See id.). On December 3, 2019, the undersigned ordered Plaintiff to file a reply to the Commissioner's response in opposition by December 10, 2019.  (Doc. 22).  Plaintiff failed to file a reply as ordered;

thus, the motion is now ripe for review.

## II.  DISCUSSION

### A.  Hourly Rate.

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" Id. (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The second step, which is required only if the market rate exceeds the statutory cap of $125 per hour, is to determine whether to "adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor."[3] Id. at 1033-34.

Counsel for Plaintiff avers that an upward adjustment from the statutory cap is warranted in this case based on an increase in the cost of living. (Doc. 19 at 7). Plaintiff requests an hourly rate of $205.98, calculated using the following formula:

---

[3] Plaintiff does not claim that "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee[,]" 28 U.S.C. § 2412(d)(2)(A), nor is any readily apparent from the record.

($125 per hour) x (256.571, where 256.571 equals the Consumer Price Index for All Urban Consumers for July 2019/155.7, where 155.7 equals the Consumer Price Index for All Urban Consumers for March 1996, the month and year in which the $125 cap was enacted).  (Id. at 8).

In Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, at *13 (S.D. Ala. July 5, 2007), United States Magistrate Judge William Cassady adopted the following formula, based on the Consumer Price Index ("CPI"), for use in calculating all future awards of attorney's fees under the EAJA: "($ 125/hour) x (CPI-U Annual Average 'All Items Index', South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U [for South Urban] of March 1996, the month and year in which the $ 125 cap was enacted." Lucy, 2007 U.S. Dist. LEXIS 97094, at *13 (internal quotation marks and record citation omitted).  The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's order and judgment.  Id. at *5-6.

The undersigned has consistently found that the formula adopted in Lucy "is the proper method in this District for determining the attorney fee rate in cases such as these."  See, e.g., Ladd v. Colvin, 2014 U.S. Dist. LEXIS 92864, at *6, 2014 WL

3359404, at *2 (S.D. Ala. July 9, 2014). In this case, Plaintiff's complaint was filed on April 1, 2019, and the District Judge's order and judgment were entered on September 11, 2019. (See Docs. 1, 17, 18). Thus, the temporal midpoint falls in June 2019. The relevant South Urban CPI-U for June 2019 was 246.515. Applying the Lucy formula in this case ($125 x 246.515/152.4) yields an hourly rate of $202.19, which the undersigned finds to be reasonable and the appropriate hourly rate in this case.

**B.  Hours Expended.**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Id. at 1306; see also ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the

duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). Courts should exclude from the fee calculation hours that were not reasonably expended, including "hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

"The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quotation omitted). "Therefore, when the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." Id. (citation omitted).

Attached to Plaintiff's motion for attorney's fees is an itemization which lists the following hours spent and expenses incurred by her attorney on this case:

| | | |
|---|---|---|
| Pro Hac Vice Motion | 1.5 Hours | $75.00 |
| Review Medical Records | 5.5 Hours | |
| Review ALJ Decision | 1.5 Hours | |
| Review AC Decision | 1.0 Hours | |
| Review Transcript | 3.5 Hours | |
| Prepare/Draft Brief | 20 Hours | |
| Counsel Client Process | 3 Hours | |
| EAJA Motion Preparation | 6 Hours | |
| Total | 42 Hours | |

(Doc. 19-2 at 3).  Plaintiff's counsel does not specify the dates on which he performed any of this work.  (See id.).

Defendant contends that Plaintiff has not demonstrated that the forty-two hours claimed by her attorney in this "typical" Social Security case are justified and asserts that "recent EAJA awards for Social Security cases in this District have ranged from 7.0 to 25.7 hours total."  (Doc. 21 at 4-5).  Defendant submits that Plaintiff should receive compensation for between eighteen and twenty-five attorney hours, rather than the forty-two hours requested in Plaintiff's motion.  (Id. at 5).  More specifically, Defendant argues that awarding Plaintiff 31.5 hours in EAJA fees for her attorney to review the record and draft a relatively short, basic brief would be excessive.  (Id. at 4).  Defendant also states that the six hours claimed for preparation of the instant fee motion appears excessive.  (Id.).  As noted supra, the Court ordered Plaintiff to reply to Defendant's arguments for a reduced fee award, but Plaintiff failed to do so.

A review of recent attorneys' fee awards under the EAJA for Social Security cases in this District demonstrates that the number of attorney hours requested by Plaintiff in this case is out of line with the number of hours expended by attorneys in the vast majority of similar cases or, for that matter, in more complicated

and involved cases.  Indeed, a survey of recent orders granting motions for attorneys' fees under the EAJA in this District reflects that in the clear majority of cases, plaintiffs requested and received compensation for less than ten hours of legal services performed by their attorneys in federal court.  See, e.g., Harman v. Saul, Case No. 1:18-cv-0078-B, at ECF No. 34 (S.D. Ala. June 25, 2019) (finding plaintiff's request for compensation for 6.50 hours of work reasonable in case where plaintiff's counsel prepared and filed the complaint and supporting documents, reviewed the file and drafted plaintiff's thirteen-page brief, reviewed the Commissioner's response brief, and prepared for and attended oral argument).  In a substantial minority of these cases, the plaintiffs received compensation for between ten and twenty hours expended.  See, e.g., Gray v. Saul, Case No. 1:15-cv-00522-B, at ECF No. 24 (S.D. Ala. July 25, 2017) (finding 16.80 hours reasonable when plaintiff's counsel prepared and filed the complaint and associated documents, prepared a twenty-one-page brief raising three issues on appeal, reviewed the Commissioner's brief and dictated a letter to plaintiff regarding same, prepared and filed a motion to waive oral argument and a consent to jurisdiction by magistrate judge, and spent one hour preparing an application for EAJA attorney's fees).

A review of recent relevant cases reflects that EAJA attorneys' fee awards for *more* than twenty hours of federal court work in Social Security cases are a rarity in this District. Indeed, it appears that in recent cases where the plaintiffs were awarded fees for more than twenty attorney hours, fees were awarded only after the parties stipulated to a reduced hourly rate or total fee amount.

For example, in Wilson v. Berryhill, 2019 U.S. Dist. LEXIS 79885, 2019 WL 2090002 (S.D. Ala. May 13, 2019), the parties filed a joint stipulation agreeing "to a total EAJA award of $3,539.12 in attorney fees for 25.7 hours of federal court work performed by Plaintiff's counsel, . . . which would represent an hourly rate of approximately $137.71." 2019 U.S. Dist. LEXIS 79885, at *5-6, 2019 WL 2090002, at *3. Notably, the stipulated hourly rate of $137.71 that was awarded by the Court was substantially below the $199.95 hourly rate under the Lucy formula that the plaintiff initially requested. See Wilson, 2019 U.S. Dist. LEXIS 79885, at *8-9, 2019 WL 2090002, at *4.

In Ellis v. Berryhill, 2018 U.S. Dist. LEXIS 145803, 2018 WL 4101509 (S.D. Ala. Aug. 28, 2018), the plaintiff's fee motion sought $8,071.35 in attorneys' fees for 40.2 hours of work performed in federal court at an hourly rate of $200.78 per hour,

10

which was greater than the rate of $194.67 generated by the Lucy

formula.  2018 U.S. Dist. LEXIS 145803, at *6, *9, 2018 WL 4101509,

at *3-4.  The Commissioner filed a partial opposition to the amount

of fees sought, and the parties later filed a joint stipulation

agreeing to a reduced award of $5,750.00 in attorneys' fees under

the EAJA.  Ellis, 2018 U.S. Dist. LEXIS 145803, at *1, 2018 WL

4101509, at *1.  The Court stated:

> While the Court questions whether the total number of
> attorney hours claimed is reasonable for this case, the
> parties have stipulated to a lesser amount of "$5,750.00
> in attorney's fees in full satisfaction of any and all
> claims arising under the Equal Access to Justice Act .
> . ."  Considering the parties' negotiated agreement in
> conjunction with the undersigned's own view of this case
> and experience with Social Security appeals in general,
> the undersigned finds this compromise amount to be a
> reasonable EAJA award in this case.  Thus, the Court
> will award the Plaintiff attorney's fees under EAJA in
> the amount of $5,750.00.

Ellis, 2018 U.S. Dist. LEXIS 145803, at *9-10, 2018 WL 4101509, at

*4 (internal record citation omitted).

In the case sub judice, Plaintiff seeks $8,762.16 in

attorney's fees for forty-two hours of attorney work time at an

hourly rate of $205.98.  The undersigned has already found that

Plaintiff's requested hourly rate is not reasonable because it

exceeds the hourly fee rate yielded by the Lucy formula, and the

undersigned likewise finds that the number of attorney hours

claimed in this case is excessive and due for a substantial

reduction, for a number of reasons.

First, unlike most surveyed cases in this District where the attorneys claimed substantially fewer hours in their EAJA fee applications, Plaintiff's counsel in this case appeared *after* the filing of a complaint, summons, and IFP motion. Moreover, the Commissioner filed an unopposed motion to remand this case shortly after the filing of Plaintiff's brief and before any oral argument or the filing of the Commissioner's Social Security brief. Thus, Plaintiff's counsel was relieved of the need to make an initial determination as to whether to appeal, to prepare and/or file a complaint, summons, and IFP motion, to prepare and appear for oral argument, and to review the substantive arguments made in the Commissioner's response brief.

Counsel did file a handwritten motion to appear *pro hac vice*, for which he requests compensation for 1.5 hours, despite the fact that the application for *pro hac vice* admission in this District is two pages long, on a standard Court form, and requests information that should be readily available to any attorney. (See Doc. 11). However, "[t]ime related to obtaining *pro hac vice* admission is a non-compensable cost of doing business not chargeable to the federal government." Bookman v. Comm'r of Soc. Sec., 2011 U.S. Dist. LEXIS 147177, at *9, 2011 WL 12497233, at *3

12

(M.D. Fla. Nov. 2, 2011), report and recommendation adopted, 2011 U.S. Dist. LEXIS 140204, 2011 WL 6057506 (M.D. Fla. Dec. 6, 2011), aff'd, 490 F. App'x 314 (11th Cir. 2012); see also Sanfilippo v. Comm'r of Soc. Sec., 2008 U.S. Dist. LEXIS 36619, at *5, 2008 WL 1957836, at *2 (M.D. Fla. May 5, 2008) (holding that the magistrate judge appropriately eliminated time for work performed by plaintiff's counsel to gain admission to appear pro hac vice), aff'd, 2009 U.S. App. LEXIS 11898, 2009 WL 1532039 (11th Cir. June 3, 2009).

Plaintiff's counsel claims twenty hours alone for preparing and drafting Plaintiff's Social Security brief, despite the fact that the substantive portion of the brief is less than eight pages long (with excessive spacing between paragraphs and headings), raises two routine issues on appeal, and cites only four regulations and no relevant case law. (See Doc. 14). Counsel also claims 5.5 hours for reviewing the 459 pages of medical records in Plaintiff's Social Security transcript, and an additional 3.5 hours for reviewing the remainder of the transcript. These entries do not even include counsel's review of the twelve-page ALJ decision, which he asserts took 1.5 hours, or his review of the Appeals Council's largely boilerplate denial of review, which counsel claims took him a full hour. Plaintiff's counsel

further claims three hours for the nebulously labeled "Counsel Client Process" and six hours for the preparation of what should have been a routine motion for attorney's fees under the EAJA.[4]

In view of the foregoing, the recommended reductions are as follows:

    a.    Reduction of the "Pro Hac Vice Motion" from 1.5 hours to 0 hours.

    b.    Reduction of "Review Medical Records" from 5.5 hours to 4 hours.

    c.    Reduction of "Review ALJ Decision" from 1.5 hours to .80 hours.

    d.    Reduction of "Review AC Decision" from 1.0 hours to .50 hours.

    e.    Reduction of "Review Transcript" from 3.5 hours to 2 hours.

    f.    Reduction of "Prepare/Draft Brief" from 20 hours to 10 hours.

    g.    Reduction of "Counsel Client Process" from 3 hours to 1.5 hours.

    h.    Reduction of "EAJA Motion Preparation" from 6 hours to 2 hours.

The total recommended reduction for these time entries is 21.20 hours.

---

[4] While hours for preparation of an EAJA application are compensable, see Comm'r, I.N.S. v. Jean, 496 U.S. 154, 157 (1990), the Court, based on its experience with Social Security appeals, finds that awarding fees for six hours of preparation of a run-of-the-mill EAJA application is excessive given the amount of time typically requested for preparing such motions.

The undersigned finds that 20.80 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court in this case.  Thus, considering 20.80 hours of work performed at a rate of $202.19 per hour, Plaintiff is entitled to attorney's fees under the EAJA in the amount of $4,205.55.

**C.   Request for Reimbursement of *Pro Hac Vice* Application Fee.**

Plaintiff also requests reimbursement of her counsel's $75.00 *pro hac vice* application fee.  (Doc. 19 at 8; Doc. 19-2 at 3). "It is clear that court costs are compensable under the Equal Access to Justice Act."  Vergos v. Saul, 2019 U.S. Dist. LEXIS 143646, at *9, 2019 WL 3997264, at *3 (S.D. Ala. Aug. 23, 2019) (quoting Davis v. Apfel, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.'  28 U.S.C. § 2412(a)(1) & (d)(1)(A).  It is undisputed that Davis incurred $150.00 in costs in the form of the filing fee.  She is entitled to recover this amount.").  There is no dispute that Plaintiff's counsel incurred $75.00 in costs in the form of the *pro hac vice* application fee, and Defendant takes no position as to whether such fee is taxable.  However, a number of other courts within this Circuit have held that fees associated with *pro hac vice* applications are not recoverable.  See Exhibit Icons, LLC v. XP Companies, LLC, 2009 U.S. Dist. LEXIS 111635, at

15

*3, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) ("[T]he Court notes that several courts, including a court in this judicial circuit has held that the *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk."); Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459–60 (M.D. Ala. 1997), aff'd sub nom. Eagle Ins. v. Johnson, 162 F.3d 98 (11th Cir. 1998); Sanfilippo, 2008 U.S. Dist. LEXIS 36619, at *15, 2008 WL 1957836, at *5 (finding that Plaintiff's special admission fee in Social Security case was not taxable); Doyle v. Berryhill, 2018 WL 6332848, at *1 (S.D. Ga. Nov. 6, 2018) ("Costs related to obtaining pro hac vice admission are non-compensable costs of doing business and are not chargeable to the federal government."), report and recommendation adopted, 2018 WL 6331692 (S.D. Ga. Dec. 4, 2018); Chishom v. Berryhill, 2019 U.S. Dist. LEXIS 65683, at *2, 2019 WL 1672430, at *1 (S.D. Ga. Mar. 26, 2019) (same), report and recommendation adopted, 2019 U.S. Dist. LEXIS 65504, 2019 WL 1653914 (S.D. Ga. Apr. 17, 2019).[5]

---

[5] See also Rhodus v. Berryhill, 2019 U.S. Dist. LEXIS 112016, at *4, 2019 WL 2897692, at *2 (M.D. La. July 5, 2019) ("Because the filing fee [for Plaintiff's counsel's *pro hac vice* application] qualifies as a cost enumerated in 28 U.S.C. § 1920, and because 28 U.S.C. § 1915(f)(1) prohibits the recovery of costs against the United States where a Plaintiff is proceeding *in forma pauperis*, the Court denies Plaintiff's request to recover the $100.00 fee.").

In view of this authority, the undersigned recommends that the Court decline Plaintiff's request to tax the $75.00 for her attorney's *pro hac vice* application fee.

## III. <u>CONCLUSION</u>

Upon consideration of the pertinent pleadings, the undersigned **RECOMMENDS** that Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (Doc. 19) be **GRANTED in part** and **DENIED in part**, and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$4,205.55** under the EAJA for legal services rendered by her attorney in this Court.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

17

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **January, 2020.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

18